## J. C. & J. H. TABOR vs. LILLBURN HARWOOD.

Effect of insolvent discharges in the courts of the other States.
In general such discharges will prevent an arrest here for debts affected by the proceeding.
But after a trial here on the question of fraudulent insolvency, the court will not recognize a discharge under insolvent laws elsewhere, as exonerating the insolvent.

CAPIAS ad respondendum; defendant taken; special bail entered; and judgment for plaintiff. Ca. sa. issued and returned "non est inventus."

*Mr. Wolfe*, for defendant's bail, moved to enter an exoneretur on the bail piece, on production of the certificate of defendant's discharge under the insolvent laws of Pennsylvania.

*Whitely* and *Rogers* showed cause against the rule, that the defendant applied to this court at the last term, for the benefit of the special insolvent law of 1845, and was refused by the court on the allegation and proof of fraud. [4 *Harr. Rep.* 541.] After this decision, the defendant put in special bail; went to Pennsylvania, and took the benefit of the insolvent laws of that State. Upon no

principle of comity will this court give an effect to the insolvent discharge in Pennsylvania, which would annul its own decision in this case against granting the insolvent the benefit of our laws, as a fair insolvent. The defendant came voluntarily into this court and submitted to a trial, on the question of fraudulent insolvency, which was found against him. As a question of comity it is always in the legal discretion of the court in the particular case, to extend or withhold it. [*Story Conf.* 32.] By the decision of the court already made in this case, it was determined that the defendant was not entitled to the benefit of the insolvent laws, because of fraud. How can this matter be affected by a subsequent discharge in Pennsylvania? Pennsylvania courts do not recognize our insolvent discharges in certain cases. No courtesy was extended by their insolvent court to the decision of this court; which adjudged the defendant to be a fraudulent debtor. This motion is an attempt to defraud his creditors. The special bail is not entitled to this relief, because he entered into the obligation of bail after the principal was refused the benefit here.

The court considered the act of 1854 a part of the insolvent system of the State; and the denial of relief under that law was a decision that the defendant was not entitled to the benefit of the insolvent laws of this State; yet the court are asked from comity to allow the discharge in Pennsylvania to give him the full benefit of a discharge before refused to him here.

*Mr. Guthrie,* in reply.—Here is a conflict of cases. The simple question is, whether this court will give effect to a discharge in the insolvent court of Pennsylvania, as between citizens of that State. This is a question of authority. [1 *Harr. Rep.* 349, Maberry & Co. *vs.* Shissler; *ib.* 367, 466; 3 *ib.* 271.] It cannot make any difference whether the discharge is before or after judgment. Neither can the decision on Harwood's application for the benefit of the act of 1845 affect the question. That case stood on its own grounds. It amounted to no decision that the defendant was not entitled to the benefit of the general insolvent law; the court only withheld the relief then prayed for. The contest here was by a stranger in prison, opposed by active creditors, and where the defendant could not get his witnesses; but afterwards, on full hearing, at home—his home and theirs; he succeeded in getting the benefit of the insolvent law in Pennsylvania. That investigation and discharge entitled him, on the principle of adjudged cases, to the discharge of his

person from imprisonment. If the prior decision here operates to prevent the subsequent discharge in insolvency, how long shall it so operate?

*By the Court:—*

H<small>ARRINGTON</small>, *Judge:*—The recognition of discharges under insolvent laws of other States depends on comity, and must be regulated by our own sense of what is due to the interests of our citizens, and respect for our laws. If such discharges interfere with or contravene either, they ought to be disregarded; otherwise, the same force may be given to them here, as in the State making the discharge. Whenever, in a conflict of laws, it is doubtful which should prevail, the court will prefer its own law to that of the stranger. [17 *Martin's Rep.* 596.]

In general a discharge in the insolvent courts of Pennsylvania, will, as between citizens of that State, or for debts contracted there, have the effect to prevent an arrest or imprisonment here. [1 *Harr. Rep.* 466; *ib.* 367; 3 *ib.* 271.] Even where such a discharge in Pennsylvania was founded upon an assignment preferring creditors, which our law prohibits, the Superior Court of this State gave effect to the discharge, as releasing the body, though it refused any sanction to the assignment as conveying the property. [Fisher *vs.* Stayton, 3 *Harr. Rep.* 271; Hutchinson *vs.* Gordon, 2 *ib.* 179.] In an earlier case, Maberry & Pollard *vs.* Shissler, 1 *Harr. Rep.* 849, that court refused to give any force to an assignment which was contrary to the policy of our laws; and announced the general principles above stated.

The question then is, whether we can recognize the discharge of this defendant as an insolvent, made by the Court of Common Pleas of Philadelphia, without prejudice to the rights of our suitors, or interference with the policy of our laws. Had he been discharged in Pennsylvania before arrest here, we might; for the matter of fair insolvency would then have been adjudicated, and we could have respected the decision of the Pennsylvania insolvent court on that question. But in this case the insolvent proceedings commenced here; and the first judgment on this question was rendered here. The defendant was adjudged to be a fraudulent insolvent in reference to the claim of J. C. & J. H. Tabor; he was adjudged to have forfeited his right to our special insolvent law discharging the body, and was compelled to give special bail to their action against him. Then came the action of the insolvent court of Pennsylvania

discharging him as a general insolvent, the force of which as is now claimed, was to annul the previous decision of this court; to *exonerate* the special bail which we had required him to put in, and discharge his body from arrest, though we had already decided that it was, by reason of his fraud, liable to arrest.

There is no necessity for us to extend our comity so far. We cannot do it consistently with a just regard to our own laws. Those laws protect the honest and fair insolvent from imprisonment for debt; they scrupulously exclude the fraudulent insolvent from such protection. They must be regarded as a system; and though the defendant has tried but the initiatory step in his application for a special discharge, he failed in it, by reason of ascertained fraud, and consequently failed in procuring the personal immunity from arrest which our system extends to honest insolvents. Having subsequently procured a discharge in Pennsylvania, we cannot give to that discharge the effect now claimed for it, without virtually annulling our decision in this case, and opening a door for the general evasion of our own insolvent laws, through comity to those of other States. We, therefore, discharge the rule.